**FILED**

**MAY - 3 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jojo Deogracias Ejonga *et al.*, )
)
        Plaintiffs, )
)
v. ) Civil Action No. 17-2813 (UNA)
)
Rod Rosenstein *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint and applications for leave to proceed *in forma pauperis*. The Court will grant the applications and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiffs are three Washington state prisoners incarcerated at the state penitentiary in Walla Walla, Washington. They have sued Deputy U.S. Attorney General Rod Rosenstein, Special Counsel Robert Mueller, former FBI Deputy Director Andrew McCabe, and other

federal officials in what is styled as a "Class Action Civil Complaint." Am. Compl. [Dkt. 11]. The Amended Complaint consists of a narrative about the 2016 presidential election and the ensuing post-election investigations, which are ongoing. Plaintiffs' alleged facts are essentially reiterations of news accounts of those events. *See* Am. Compl., Facts ¶¶ 1-53. Plaintiffs' "Legal Claim" consists of accusations against Rosenstein and Mueller, *see id.* at 12-16, the confirmation of which plaintiffs seek through a declaratory judgment, *see id.* at 17-18 ("Prayer for Relief"). Plaintiffs also seek an injunction, "ordering the closure of the special counsel's office . . . until complied [sic] with the Art. 2. Sec. 2. Clause 2 of the [United] States Constitution." *Id.* at 19.

This action suffers from a host of flaws, but the Court need only address two. First, as a *pro se* litigant, each plaintiff may "plead and conduct [his] own case[.]" 28 U.S.C. § 1654. He cannot press the claims of another or represent a class without licensed counsel. *See DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (noting that "a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative"). Second, the suit cannot otherwise proceed because none of the plaintiffs has established his standing to sue and, as explained next, "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[,]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that

"a causal connection" exists "between the injury and the conduct complained of . . ., and [is] not the result of the independent action of some third party not before the court"; and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted).

Plaintiffs have not alleged any personal injury based on the alleged acts or omissions, nor can they credibly do so. And where, as in this case, "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Plaintiffs can allege no plausible facts to cure the standing deficiency; therefore, this case will be dismissed with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996), quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("A dismissal with prejudice is warranted only when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (emphasis omitted)). A separate order accompanies this Memorandum Opinion.

Date: May 3, 2018            United States District Judge